**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBORA SHANTY SUDJANA, | No. 08-73715 |
| Petitioner, | Agency No. A079-583-553 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:     RYMER, THOMAS, and PAEZ, Circuit Judges.

Debora Shanty Sudjana, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for withholding of removal

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence, *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997), and we deny the petition for review.

Substantial evidence supports the agency's finding that the harassment and discrimination Sudjana experienced in Indonesia did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003). In addition, the incidents her family and family's babysitter experienced in Indonesia while Sudjana was in the United States do not establish that she suffered past persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (no past persecution where harm to others was not a part of "a pattern of persecution closely tied to" petitioner). Substantial evidence also supports the agency's finding that Sudjana failed to demonstrate a clear probability of future persecution because, even as a member of a disfavored group, she did not establish sufficient individualized risk, *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1184-85 (9th Cir. 2003), and Sudjana's similarly-situated family members have remained in Indonesia without harm, *see Hakeem v. INS*, 273 F.3d 812, 816-17 (9th Cir. 2001). Accordingly, Sudjana's withholding of removal claim fails.

Sudjana failed to challenge the agency's denial of her CAT claim in her opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir.

1996) (issues in the opening brief not supported by argument are deemed abandoned).

**PETITION FOR REVIEW DENIED.**